**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beatrice Alvarez, | No. CV-21-00025-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying her application for SSA disability benefits. Plaintiff filed her Opening Brief (Doc. 17). Defendant filed a Response Brief (Doc. 20), and Plaintiff filed her Reply Brief (Doc. 22). The Court has reviewed the briefs and the Administrative Record (Doc. 14-3, "R."). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision.

**I.     Background**

On April 9, 2019, Plaintiff protectively filed an application for a period of disability and disability benefits with an alleged onset date of December 16, 2015. (R. at 27). An ALJ issued an unfavorable decision on May 21, 2020. (R. at 39). The Appeals Council denied Plaintiff's request for review. (R. at 2). This appeal followed.

Plaintiff claims several impairments to her ability to work. (R. at 30). The ALJ found Plaintiff had the following severe impairments: asthma; spine disorder; and history of corneal scar in the right eye, status-post eye injury and amblyopia and vision loss in the

left eye. (*Id.*)

During her symptom testimony Plaintiff represented that she is unable to work because of vision issues. (R. at 34). She testified that she has vision migraines and cannot see out of her right eye and has low vision in her left eye. (*Id.*) Plaintiff also has low back pain and cannot sit or stand for long periods. (*Id.*) She alleges she has disabling mental impairments. (*Id.*) She also uses a walking stick. (*Id.*)

The ALJ, citing to medical records, found Plaintiff's symptom testimony was "not entirely consistent with the medical evidence because the medical evidence does not support the alleged loss of functioning." (*Id.*) The ALJ concluded that Plaintiff had the residual functional capacity to perform "medium work . . . except the claimant is able to lift, carry, push, and pull 50 pounds occasionally and up to 25 pounds frequently; stand and/or walk 6 hours, and sit 6-hours, in an 8 hour workday with normal breaks; frequently climb ramps and stairs, but occasionally able to climb ropes, ladders or scaffolds; frequently stoop, kneel, crouch and occasionally crawl . . . ." (R. at 33). The ALJ further found that Plaintiff's residual functional capacity did not preclude her from performing past relevant work-related activities, such as "a janitor and packing machine operator." (R. at 37). The ALJ therefore determined Plaintiff was not disabled. (*Id.* at 38).

Plaintiff raises three issues: (1) whether the ALJ erred in finding Plaintiff's visual impairment did not meet or equal a listed impairment (2.02, loss of vision); (2); whether the ALJ failed to incorporate limitations in his RFC determination consistent with the limitations found in his Step 2 determination; (3) whether the ALJ erred in rejecting Plaintiff's symptom testimony. (Doc. 17 at 1).

**II.   Standard of Review**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence

that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines no such work is available, the claimant is disabled. *Id.*

**III.  Discussion**

The Court finds the ALJ did not err in finding Plaintiff did not meet or equal Listing 2.02. The Court further finds the ALJ properly accounted for Plaintiff's impairments in his RFC finding. Finally, the Court finds the ALJ did not err in rejecting Plaintiff's

symptom testimony.

**A. Step Three and Listing 2.02**

Plaintiff argues the ALJ erred in finding she did not meet or equal Listing 2.02 because her vision impairments satisfy the requirements of that listing.[1]  (Doc. 17 at 7).

Listing 2.02 requires "remaining vision in the better eye after best correction [to be] 20/200 or less." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 2.02.  At the outset, the Court notes the ALJ asked Plaintiff during her symptom testimony whether her visual impairment in her left eye met the listing level of 20/200.  (R. at 68).  Her attorney stated, "[t]he ophthalmology CE has her at less than 20/200 in the right eye and at 20/100 in the left eye." (*Id.*)  When asked by the ALJ if this was listing level, counsel responds: "It is not, Your Honor.  Listing level is 20/200 in the better eye."  (*Id.*)

Nonetheless, the record contained conflicting evidence as to Plaintiff's remaining vision in her left eye.  Dr. Palmer reported that Plaintiff's vision in her left eye was 20/100 while Dr. Heller reported that Plaintiff's vision in her left eye was 20/200.  (*Id.* at 34; 36). But the Ninth Circuit is clear that the ALJ is entitled to "resolve conflicts in the testimony and resolve ambiguities in the record" and reviewing courts should not "substitute their discretion for that of the agency." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).  Here, the ALJ explained the reasons he gave partial weight to Dr. Heller's report and partial weight to Dr. Palmer's report.  The ALJ gave Dr. Heller's report partial weight because it "confirm[ed] the claimant is ambulatory and can see color."  (*Id.* at 36).  The ALJ gave Dr. Palmer's report partial weight because although the opinion assessed Plaintiff's visual limitations, it did not "specify the type of limitations needed." (*Id.*)  He thus found Dr. Palmer's report was inconsistent with Dr. Heller's report that stated

---

[1] Plaintiff also argues she "comes incredibly close to meeting Listing 2.04," arguing her visual efficiency in her better eye was 22.62 percent and that Listing 2.04 requires a loss of visual efficiency of 20 percent or less. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 2.04. The Court, however, rejects Plaintiff's contention that the ALJ failed to consider Listing 2.04 because Plaintiff made no efforts to establish equivalence to this listing during her hearing. (R. at 68–68); *see Ford v. Saul*, 950 F.3d 1141, 1157 (9th Cir. 2020) ("[a]n ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence.").

Plaintiff "exhibited no issues in ambulating despite vision issues." (*Id.*) Based on these findings, the ALJ relied on Dr. Heller's report to find Plaintiff experienced no problems ambulating and relied on Dr. Palmer's report to find Plaintiff's vision in her left eye was 20/100. The ALJ therefore found "there [was] no evidence of remaining vision in the better eye after best correction being 20/200 or less. For example, vision in the claimant's left (better) eye is 20/100." (*Id.* at 33).

Plaintiff further argues she obtained an examination on July 8, 2020, after the hearing, and that this evidence should have been considered because it proves Plaintiff meets the 2.02 Listing. (Doc. 17 at 14). Plaintiff argues the ALJ had a duty to develop the record if it was inadequate. (*Id.*) But "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (internal citation omitted). The record here was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. Indeed, the new examination record Plaintiff proffers contains the same visual acuity scores of Plaintiff's remaining vision in her left eye as the record already on file. (R. at 44; 338). As noted, the ALJ considered this record and gave partial weight to Dr. Heller's conclusion because it confirmed Plaintiff was ambulatory and could see color. (*Id.* at 36). Substantial evidence therefore supported the ALJ's decision that Plaintiff has not met her burden to show she met Listing 2.02 and the ALJ did not err in his step three determination.

**B. RFC Findings**

Plaintiff challenges the ALJ's RFC findings, arguing the ALJ did not take account of all her limitations in fashioning the RFC. Specifically, Plaintiff argues the ALJ failed to include any visual limitations in his determinations or pose any hypotheticals to the vocational expert about Plaintiff's visual limitations. (Doc. 17 at 17).

The ALJ concluded that Plaintiff "has the residual functional capacity to perform medium work . . . ." Specifically, the RFC reads:

"[Plaintiff] is able to lift, carry, push, and pull 50 pounds occasionally and

> up to 25 pounds frequently; stand and/or walk 6 hours, and sit 6-hours, in an 8 hour workday with normal breaks; frequently climb ramps and stairs, but occasionally able to climb ropes, ladders or scaffolds; frequently stoop, kneel, crouch and occasionally crawl; has no limitations with balancing; should avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration as well as fumes, dusts, gasses, poor ventilation and other pulmonary irritants; and should avoid hazards including unprotected heights and dangerous moving machinery."

(R. at 33).

The Court finds the ALJ did not ignore Plaintiff's visual impairment when he fashioned Plaintiff's RFC. Indeed, the ALJ's RFC restricts Plaintiff from hazards, including unprotected heights and dangerous moving machinery. Plaintiff argues the Social Security Ruling ("SSR"), which describes some of the hazards that a person with visual impairments might encounter, states that a person with a visual impairment is "significantly diminished for light work (and medium work as well)." SSR 83-14 (S.S.A. 1983). But it is clear the ALJ accounted for Plaintiff's visual impairments by restricting her from several environmental hazards in the RFC, and the Court therefore rejects Plaintiff's argument to the contrary. In addition, the record reveals the ALJ asked the vocational expert to consider the RFC articulated above. (R. at 72). Because the Court finds the ALJ properly accounted for Plaintiff's visual impairment in the RFC, the Court rejects Plaintiff's argument that the ALJ failed to pose any hypotheticals to the vocational expert about Plaintiff's visual limitations.

**C. Plaintiff's Symptom Testimony**

Plaintiff argues the ALJ erred when he rejected Plaintiff's symptom testimony. (Doc. 17 at 18). When an ALJ evaluates a claimant's symptoms, he considers symptom testimony, objective medical evidence, and other evidence in the record. 20 C.F.R. § 404.1529(c). An ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. § 404.1529(c)(2). The ALJ may, however, "reject the claimant's testimony about the severity of [the]

symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Plaintiff argues the ALJ erred when he rejected Plaintiff's symptom testimony about her ambulation and her vision in her left eye. (Doc. 17 at 20–21). She argues the ALJ's findings that her statements were inconsistent with Dr. Heller's examination are not based on substantial evidence. (*Id.*)

The Court rejects Plaintiff's argument because the ALJ discussed numerous treatment records to support his findings of inconsistencies. First, the ALJ cited to Dr. Heller's report where he found Plaintiff "had no problems in ambulating despite vision issues." (R. at 35). Second, although Plaintiff claimed a herniated disc in her back, the ALJ noted that the record contained "a lack of imaging to substantiate [Plaintiff's] allegations of having a herniated disc." (*Id.*) He then discussed Dr. Palmer's report, noting that the records indicate "[Plaintiff] is able to dress, undress, bathe, toilet, perform chores, and prepare meals independently." (*Id.* at 36). Third, he highlighted Dr. Combs report, where he opined that Plaintiff "can occasionally lift and/or carry 50 pounds and frequently lift and/or carry 25 pounds; stand, walk, and sit for 6-hours in an 8-hour day; frequently climb ramps and stairs; frequently balance, stoop, kneel, crouch, and crawl; occasionally climb ladders, ropes, and scaffolds . . . ." (*Id.*) The ALJ thus concluded that "although [Plaintiff] does have severe impairments that result in work-related limitations, the medical record as a whole does not support a more restrictive level of functioning than found in the residual functional capacity finding assessed above." (*Id.*)

For these reasons, the ALJ properly concluded the records indicated Plaintiff "exhibited no issues ambulating despite vision issues." (*Id.*) Because substantial evidence supports the ALJ's findings, the Court finds the ALJ did not err by discounting Plaintiff's symptom testimony.

**IV.    Conclusion**

The Court finds the ALJ did not err in finding Plaintiff did not meet or equal Listing

2.02. The Court further finds the ALJ properly accounted for Plaintiff's impairments in his RFC finding. Finally, the Court finds the ALJ properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. Therefore, the Court finds that the ALJ did not err in his decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ is **affirmed**. The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 6th day of September, 2022.

Honorable Diane J. Humetewa
United States District Judge